**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Adriana Aguilar,

Plaintiff,

v.

Franchise LLC, et al.,

Defendants.

No. CV-26-03001-PHX-MTL

**ORDER**

Before the Court is Plaintiff Adriana Aguilar's Motion for Alternative Service and for Extension of Time to Serve Defendants (Doc. 6). The Court will deny the Motion without prejudice.

**I.**

Plaintiff brings this action against Defendants The Franchise LLC, Ernest Clark Jr., and Jane Doe Clark. Plaintiff represents that she attempted to serve Defendants three times in May 2026 at a residential address located in a gated community, without success. (Doc. 6 at 2.) She asserts that The Franchise LLC lists the residential address as the address for Ernest Clark Jr. in its filing with the Arizona Corporation Commission and that Clark owns the property. (*Id.* at 7.) Plaintiff also identifies a separate business address for The Franchise LLC. (*See id.*) She now asks the Court to authorize alternative service by certified mail to the residential address and to extend the deadline for service by thirty days.

. . . .

. . . .

**II.**

Federal Rule of Civil Procedure 4(e) permits service on an individual within a judicial district of the United States by either (1) following state law for service in the state "where the district court is located or where service is made," or (2) delivering the summons and complaint personally, leaving copies at the individual's dwelling with a person of suitable age and discretion who resides there, or delivering copies to an authorized agent.

Arizona Rule of Civil Procedure 4.1(d) mirrors these traditional methods of service. Rule 4.1(k), however, permits service by alternative means if the movant shows that service under Rules 4.1(c) through (j) is "impracticable." If alternative service is authorized, the serving party must make reasonable efforts to provide actual notice and must mail the summons, complaint, and authorizing order to the defendant's last-known residential or business address. Fed R. Civ. P. 4.1 (k).

Although "impracticable" does not require a complete inability to serve a defendant—and is a lesser showing than the "due diligence" required for service by publication—it nevertheless requires more than minimal or conclusory efforts. *See Blair v. Burgener*, 226 Ariz. 213, 218-19 (App. 2010) The movant must demonstrate that traditional service has proven "extremely difficult or inconvenient" despite reasonable efforts. *Id.* at 218.

**III.**

On this record, Plaintiff has not demonstrated that service by traditional means is impracticable. Plaintiff reports only three attempts at service at the residential address, all during May 2026, and no attempts at the identified business address for The Franchise LLC. Those efforts fall short of the circumstances in which courts have found traditional service impracticable. *See Bank of N.Y. Mellon v. Dodev*, 246 Ariz. 1, 10 (App. 2018) (five attempts at personal service at different times of day); *Blair*, 226 Ariz. at 219 (five attempts at personal service at both a residential and a business address at different times); *Sobh v. Phoenix Graphix Inc.*, No. CV-18-04073-PHX-DWL, 2019 WL 8326075, at *2 (D. Ariz.

Jan. 10, 2019) (four attempts at personal service at a business address and two attempts at a residential address). Plaintiff therefore has not established that traditional service has become extremely difficult or inconvenient.

Plaintiff also requests a thirty-day extension of the deadline to effect service. The Complaint was filed on April 29, 2026, making the deadline for service July 28, 2026. *See* Fed. R. Civ. P. 4(m). Plaintiff has not demonstrated good cause for extending that deadline. The record reflects that Plaintiff's last attempt at personal service occurred on May 19, 2026 (*see* Doc. 6-3 at 3), and she did not file the present Motion until August 5, 2026. Yet Plaintiff identifies no further attempts at personal service after that date, including at the business address identified in her Motion, and offers no explanation for the resulting period of inactivity. On this record, Plaintiff has not demonstrated the diligence necessary to establish good cause for an extension, and the Court declines to exercise its discretion to grant one.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Alternative Service and for Extension of Time to Serve Defendants (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that, **within fourteen days of the date of this Order**, Plaintiff shall show cause in writing why this action should not be dismissed without prejudice for failure to timely effect service under Federal Rule of Civil Procedure 4(m).

Dated this 7th day of August, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge